NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-485

TRUETT IRVIN and SHEILA IRVIN

VERSUS

NATCHITOCHES PARISH POLICE JURY

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83,560
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Van H. Kyzar
District Attorney
Post Office Box 838
Natchitoches, Louisiana 71458-0838
(318) 357-2214
Counsel for Defendant/Appellee:
    Natchitoches Parish Police Jury

**Chris L. Bowman**
**Law Offices of Chris L. Bowman**
**Post Office Box 190**
**Jonesboro, Louisiana  71251**
**(318) 259-6200**
**Counsel for Plaintiffs/Appellants:**
      **Truett Irvin**
      **Sheila Irvin**

**KEATY, Judge.**

In this zoning case, plaintiffs, who are the lessees of immovable property located in Natchitoches Parish, filed suit against the Natchitoches Parish Policy Jury, appealing its decision to deny plaintiffs' request that the property be re-zoned so that a nightclub could be opened on the premises. The trial court upheld the police jury's decision. Plaintiffs are now before us on appeal, complaining that the police jury was arbitrary and capricious in denying plaintiffs' request that the property be re-zoned.

## ISSUE

The sole issue before us is whether the police jury was arbitrary and capricious in denying plaintiffs' request that the property at issue be re-zoned.

## FACTS AND HISTORY

Plaintiffs, Truett and Sheila Irvin, leased a piece of immovable property located in Natchitoches Parish. Previously, there was a nightclub on the premises that had been "grandfathered in" when zoning ordinances were adopted in 1991.[1] The ordinances stated that if a business closed for a certain period of time, the zoning ordinances would become effective for that piece of property. The owners of the property had closed the pre-existing nightclub for over a year prior to renting the property to the Irvins, which eliminated the "grandfathered in" status and subjected the property to the 1991 zoning ordinances. The Irvins applied to the zoning commission, seeking to have the property re-zoned so that they could open a nightclub. The commission approved the "preliminary application" unanimously.

A public hearing was set for March 1, 2010, before the police jury board. At that hearing, two men whose homes were within 300 feet of the potential nightclub

---

[1]The 1991 zoning ordinances designated the property as agricultural, not commercial. The Irvins sought to have it re-zoned as commercial.

appeared and voiced objections to the Irvins' request that the property be re-zoned. One neighbor allegedly[2] stated that the patrons of the previous bar would come onto his property and cause damage; another, who lives across the street, allegedly stated that he suffered property damage at the hands of the bar patrons. The police jury voted to deny the Irvins' request. The Irvins appealed to the trial court, which also denied their request. They are now before us on appeal of the police jury board's decision to deny their request for re-zoning.

## STANDARD OF REVIEW

"A challenge to a zoning decision in Louisiana is a de novo proceeding in which the issue is whether the result of the legislation is arbitrary and capricious. . . ." *Palermo Land Co., Inc. v. Planning Comm'n of Calcasieu*, 561 So.2d 482, 492 (La.1990) (emphasis omitted). "Judicial review of zoning decisions acts merely as a check on [the] legislative power granted to parish officials to ensure that there is no abuse of the power." *Id*. "A reviewing court does not consider whether the district court manifestly erred in its findings, but whether the zoning board acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion." *King v. Caddo Parish Comm'n*, 97-1873, pp. 14-15 (La. 10/20/98), 719 So.2d 410, 418 (quoting *Papa v. City of Shreveport*, 27,045 (La.App. 2 Cir. 5/10/95), 661 So.2d 1100, *writ denied*, 97-2544 (La. 1/5/96), 666 So.2d 295.

## LAW AND DISCUSSION

"Because zoning falls under the jurisdiction of the legislature, courts will not interfere with their prerogative unless their action is palpably erroneous and without any substantial relation to the public health, safety or general welfare." *Id.*

---

[2]We use the word "allegedly" because we do not have a transcript from the public hearing. At trial on this issue in district court, the secretary for the police jury testified to the fact that the two men objected, and also to the content of their objections. No objection was made to her testimony. Neither man testified at trial.

at 418. "Arbitrary" and "capricious" for purposes of determining whether a zoning decision should be overturned mean "willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case." *Id.* (quoting *Four States Realty Co., Inc. v. City of Baton Rouge*, 309 So.2d 659 (La.1974)). To test whether a zoning decision is arbitrary and capricious, a court must determine "whether the action is reasonable under the circumstances." *Id.* "Whenever the propriety of a zoning decision is debatable, it will be upheld." *Palermo*, 561 So.2d at 493.

Further, the supreme court has placed the burden of proving arbitrary and capricious behavior on the challenger, stating that, in zoning cases, "[t]he property owner has the burden to establish by a preponderance of the evidence that the decision by the Commission to deny the variance has no substantial relationship to public health, safety, morals or general welfare of the municipality." *King*, 719 So.2d at 419. Although this case involves a lessee instead of a property owner, the lessee acted with the property owner's concurrence and is complaining to this court that the police jury board's decision to deny the request for variance was arbitrary and capricious. Accordingly, we extend that burden of proof determination to apply to any challenger seeking to overturn a variance decision, regardless of whether they own the property or not.

At trial, the secretary for the police jury testified that two men who lived within 300 feet of the potential nightclub had voiced objections, claiming that they had suffered damages to their property when the previous nightclub was in operation. She testified that the police jury then voted to deny the request for re-zoning. The Irvins presented no evidence to support their contention that the police jury acted arbitrarily and capriciously.

After reviewing the record, we find that the Irvins failed to meet their burden of proving that the Natchitoches Parish Police Jury acted arbitrarily and capriciously. The police jury's decision to deny the request for re-zoning was reasonable. Plaintiffs' assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court that upheld the Natchitoches Parish Police Jury's decision to deny the Irvins' request for re-zoning. Costs are assessed against the plaintiffs/appellants, Truett and Sheila Irvin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.